UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL WHITAKER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-92-HAB-SLC |
| MARCUS GATTON, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Whitaker, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Whitaker alleges that his Eighth Amendment rights were violated while housed at the Whitley County Jail. For a five-day period between March 8, 2021, and March 24, 2021, he was housed in a cell that did not have a restroom or running water. Additionally, from March 8, 2021, to June 29, 2021, he was not provided with distilled water for his CPAP machine. He has sued Sheriff Marcus Gatton and Jail Commander Sean Martin and seeks $300,000.00 in damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Whitaker alleges that the defendants knew that the cell they placed him in did not have a restroom or running water. The Constitution does not require that inmates

have access to running water and a restroom around the clock; it requires that access to a restroom and water be consistent with the minimum civilized measure of life's necessities. Whitaker does not indicate how often he was permitted to use the restroom or whether he was provided with enough drinking water. He does not describe any communication he had with either Sheriff Gatton or Jail Commander Martin. There is no general respondeat superior liability under 42 U.S.C. § 1983, and neither Sheriff Gatton nor Jail Commander Martin can be held liable simply because they employed or supervised an alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Here, Whitaker has not alleged that either Sheriff Gatton or Jail Commander Martin were personally involved in denying him adequate access to a restroom, drinking water, or water for his CPAP machine. Therefore, he has not stated a claim against them.

This complaint does not state a claim for which relief can be granted. Nevertheless, Whitaker may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to use this court's pro se prisoner complaint form: **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint**, which will be mailed to him by the clerk. After he properly

3

completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Michael Whitaker;

(2) GRANTS Michael Whitaker until **June 16, 2022**, to file an amended complaint using the form provided; and

(3) CAUTIONS Michael Whitaker if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 13, 2022.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT