UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL WHITAKER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-92-HAB-SLC |
| MARCUS GATTON, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Whitaker, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Whitaker alleges that his Eighth Amendment rights were violated while housed at the Whitley County Jail, although the specifics of his allegations are somewhat confusing. During the week of March 14, 2021, Whitaker was assigned to a transport hold cell that did not have a restroom or running water. His placement there was related to his use of a C-PAP machine. Jail Commander Sean Martin and the nurse explained that he could not be placed in general population while using a C-PAP

machine because of the risk posed by the electrical cord. It is unclear from the amended complaint how long Whitaker remained in this cell, although his original complaint indicated he was held in a cell without a restroom or running water for five days.

Sheriff Marcus Gatton knew he was housed in the transport hold cell; they spoke, and Gatton said he was "working on it." ECF 17 at 2. Reserve Deputy Chad Halloway also knew about his placement; Whitaker complained to him, and Halloway said his placement was up to the nurse's discretion. Sergeant Reed also knew about Whitaker's placement; Reed said Whitaker would remain in that cell until the nurse could discuss the situation further with him, but that any officer available would permit Whitaker to obtain drinking water, use the restroom, and shower. Whitaker sued Sgt. Lewis because he worked in his unit, but Whitaker concedes that Sgt. Lewis tried to be helpful. He also sued Lt. Tyson because he worked in the unit and was less helpful than Sgt. Lewis. On several occasions he had to wait more than an hour to use the restroom. On one occasion, he had to wait two and a half hours to use the restroom.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337,

349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

As explained to Whitaker previously, the Constitution does not require that inmates have access to running water and a restroom around the clock; it requires that access to a restroom and water be consistent with the minimum civilized measure of life's necessities. In screening Whitaker's earlier complaint, the court noted that he had not indicated how often he was permitted to use the restroom or whether he was provided with enough drinking water. In response, he has not asserted any shortage of drinking water, and he alleges only that he was required to wait more than an hour to use the restroom on several occasions, and more than two and a half hours on one occasion. While the delay may have been frustrating and uncomfortable for Whitaker, these allegations do not rise to the level of a constitutional claim.

Whitaker also indicates that he was not provided with distilled water for his C-PAP machine. He told Jail Commander Martin that he needed to use distilled water, but both Martin and nurse said that, while distilled water was suggested, they had used tap water for years. It is unclear from the amended complaint how long Whitaker was denied access to distilled water, but the original complaint indicated that this occurred from March 8, 2021, to June 29, 2021.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v.*

4

*Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

Whitaker alleges only that Jail Commander Martin and the nurse denied him distilled water despite his insistence that he needed it. The factual allegations of the complaint do not suggest that either Jail Commander Martin or the nurse were deliberately indifferent to his medical needs. At most, the facts suggest that the nurse was negligent, but the allegations do not rise to the level of deliberate indifference.

Finally, Whitaker has not explained how he was harmed (beyond minor short-term discomfort from waiting to use the bathroom) by either his cell assignment or the lack of distilled water, and he seeks only injunctive relief in his complaint. Whitaker is no longer housed at the Whitley County Jail. Therefore, any request for injunctive relief is moot.

Neither Whitaker's original complaint nor his amended complaint state a claim. For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on December 29, 2022.

                                             s/ *Holly A. Brady*
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT